IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LAWRENCE MAYES, )
 )
               Petitioner, )
 )
v. ) Case No. 18-CV-296-GKF-FHM
 )
JANET DOWLING, Warden,[1] )
 )
               Respondent. )

## OPINION AND ORDER

Before the Court is Lawrence Mayes' 28 U.S.C. § 2241 habeas corpus petition (Dkt. 1). Also before the Court is his motion seeking an answer from Respondent (Dkt. 7). Mayes challenges the execution of his state sentence, and in particular, the denial of earned credits. Dkt. 1 at 6. For the reasons discussed below, Mayes must show cause why the petition should not be summarily dismissed for failure to raise a federal claim.

**I. Background**

Mayes was convicted of armed robbery after five or more felonies in violation of OKLA. STAT. tit. 21, § 801. *See* Dkt. 1 at 37; Oklahoma County District Court Case No. CF-2003-3169.[2] The state court sentenced him to 45 years imprisonment. *Id.* Mayes appealed, and on September 26, 2006, the Oklahoma Court of Criminal Appeals (OCCA) reduced the sentence to 35 years. *Id.* at 39.

---

[1] Petitioner is incarcerated at Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. Dkt. 1 at 1. Janet Dowling, the warden of DCCC, is therefore substituted in place of Joe Allbaugh as party respondent. *See* Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

[2] The Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

Ten years later, Mayes filed a grievance alleging prison officials wrongfully denied him earned credits. *See* Dkt. 1 at 2, 21-23. Mayes argued, as he does here, that the armed robbery statute (OKLA. STAT. tit. 21, § 801) entitles him to earn good-time credits after serving ten years in prison. *Id.* Warden Dowling denied relief, in part. *Id.* at 17. She explained that under Oklahoma law, "offenders serving a sentence for [armed robbery] … are eligible to earn credits during the first 85% of the sentence; however, said credits will not be applied towards the sentence until the offender has served 85% of said sentence." *Id.* at 17. She assured Mayes his earned credits would be applied to his sentence once he reached the "85% date." *Id.*

Mayes filed a "Motion for Judicial Review" in state court in 2017. *Id.* at 29. He argued the Oklahoma Department of Corrections (DOC) was revoking his earned credits and refusing to adhere to Oklahoma law. *Id.* at 29; Motion filed March 13, 2017 in Oklahoma County Case No. CV-2017-522.[3] The state court dismissed the action because he failed to "identif[y] any disciplinary proceeding for which he seeks review" under OKLA. STAT. tit. 57, § 564.1C. Dkt. 1 at 31. Mayes appealed, and the OCCA affirmed the decision on May 21, 2018. *Id.* at 32.

Mayes filed the § 2241 petition (Dkt. 1) on June 4, 2018. He asserts the DOC is violating his due process rights by refusing to deduct earned credits from his sentence pursuant to the robbery statute, OKLA. STAT. tit. 21, § 801. *See* Dkt. 1 at 6. Thereafter, Mayes filed a Motion for Show Cause Order (Dkt. 7), which seeks a responsive pleading from the Warden.

## II. Analysis

Mayes' petition is governed by Habeas Corpus Rule[4] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must

---

[3] *See* Supra, footnote 2.

dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

To survive initial review under § 2241, a petitioner must allege facts showing the execution of his state sentence violates federal law. *See* 28 U.S.C. § 2241(c)(3) (relief is available where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for ... attacking the execution of a sentence."); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity...."). Mayes contends the DOC and Warden Dowling are violating federal law by refusing to award earned credits under the Oklahoma armed robbery statute, OKLA. STAT. tit. 21, § 801. *See* Dkt. 1 at 6. According to Mayes, the statute creates a federally recognized liberty interest in earned credits, and the denial of such credits violates his due process rights under the Fourteenth Amendment. *See* Dkt. 7 at 1.

The Fourteenth Amendment guarantees due process "when a person is to be deprived of life, liberty, or property." *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir. 1994). State statutes may give rise to a federal liberty interest, and therefore a due process violation, where the plain language places "substantive limitations on official discretion." *Montero v. Meyer*, 13 F.3d 1444, 1448 (10th Cir. 1994) (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989)). In the context of prison credits, courts look to whether a state statute "makes awards of earned time mandatory" or discretionary. *Templeman v. Gunter,* 16 F.3d 370 (analyzing denial of

---

[4] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

earned credits under § 2241). *Cf Boutwell v. Keating,* 399 F.3d 1203, 1213 (10th Cir. 2005) (recognizing that a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board.").

The Oklahoma armed robbery statute does not mandate an award of earned credits. It merely prevents repeat offenders from earning credits during the first ten years in prison:

> Upon conviction [for armed robbery], any person guilty of three separate and distinct felonies, in violation of this section shall suffer punishment by imprisonment … for a period of time of not less than ten (10) years …. The sentence imposed upon such person shall not be reduced to less than ten (10) calendar years, nor suspended, *nor shall any person be eligible for probation or parole or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence.*

OKLA. STAT. tit. 21, § 801 (emphasis added). Therefore, the Respondents did not violate Mayes' due process rights in connection with that statute.

In an effort to be thorough, the Court also examined the Oklahoma statutes governing earned credits, OKLA. STAT. tit. 57, § 138 ("Earned credits-eligibility") and OKLA. STAT. tit. 21, § 13.1 ("Required service of minimum percentage of sentence"). Section 138 states: "*Except as otherwise provided by law*, every [state] inmate … shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned." OKLA. STAT. tit. 57, § 138(A) (emphasis added). Inmates convicted of armed robbery and other serious felonies earn 0, 22, 33, or 44 credits per month, depending on their class level. *Id.* at §§ 138(D)(2)(b) and 138(E)(22). However, Section 13.1(8) provides that inmates convicted of armed robbery "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." OKLA. STAT. tit. 21, § 13.1(8). Thus, Warden Dowling correctly determined that state law entitles Mayes to earn credits before serving 85% of his sentence - which it appears he is doing - but those earned credits cannot

4

be applied, and he is not eligible for a speedier release, until he has served 85% of his sentence. *See* Dkt. 1 at 17.

Accepting Mayes' allegations as true, he has not demonstrated a violation of any state or federal law. The Court will therefore deny the motion seeking a responsive pleading (Dkt. 7) and require Mayes to show cause in writing why the § 2241 petition should not be summarily dismissed under Habeas Corpus Rule 4.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk of Court shall note the substitution of Janet Dowling, Warden, in place of Joe Allbaugh, Warden, as party respondent.

2. The motion for show cause order (Dkt. 7) is **denied**.

3. No later than **September 6, 2018**, Mayes must show cause in writing why his § 2241 petition (Dkt. 1) should not be summarily dismissed under Habeas Corpus Rule 4 for failure to state a claim for federal relief. If Mayes concedes the point or otherwise declines to timely respond, the Court will dismiss the petition on the merits.

**ENTERED** this 3rd day of August, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE