# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE MAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-296-GKF-FHM |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Lawrence Mayes' show-cause response (Dkt. 10) filed in connection with his 28 U.S.C. § 2241 habeas corpus petition (Dkt. 1). Also before the Court is his motion seeking expedited relief (Dkt. 12). Mayes challenges the execution of his state sentence, and in particular, the denial of earned credits. *See* Dkt. 1 at 6. For the reasons below, the Court will deny the motion and dismiss the petition.

Mayes filed the § 2241 petition on June 4, 2018. He contends the armed robbery statute (OKLA. STAT. tit. 21, § 801) entitles him to earn good-time credits after serving ten years in prison, and that prison officials violated the Due Process Clause by denying such credits. *See* Dkt. 1 at 2-6, 21-23. Mayes sought relief from Warden Dowling before filing the petition. *Id.* at 18. She denied relief, in part, explaining that "offenders serving a sentence for [armed robbery] … are eligible to earn credits during the first 85% of the sentence; however, said credits will not be applied towards the sentence until the offender has served 85% of said sentence." *Id.* Warden Dowling assured Mayes his earned credits would be applied to his sentence once he reached the "85% date." *Id.* Mayes also sought judicial review, but the state court and the Oklahoma Court of Criminal Appeals denied relief. *Id.* at 29-36.

By an Opinion and Order entered August 3, 2018 (Dkt. 8), the Court screened[1] the petition and determined Mayes failed to allege a violation of federal law. The Court explained that an earned-credits claim is only viable where a state statute "makes awards of earned time mandatory." *Templeman v. Gunter,* 16 F.3d 367 370 (10th Cir. 1994). The Oklahoma armed robbery statute does not mandate an award of earned credits. *See* OKLA. STAT. tit. 21, § 801. The Court also determined relief is not available under the Oklahoma statutes governing earned credits, OKLA. STAT. tit. 57, § 138 and OKLA. STAT. tit. 21, § 13.1. Section 138 sets forth the formula for earning credits, but Section 13.1(8) specifically provides that inmates convicted of armed robbery "shall not be eligible for earned credits … which have the effect of reducing the … sentence to less than eighty-five percent (85%) of the sentence imposed." OKLA. STAT. tit. 21, § 13.1(8). Thus, Mayes may earn credits before serving 85% of his sentence - which it appears he is doing - but those earned credits cannot be applied, and he is not eligible for a speedier release, until he has served 85% of his sentence. Based on this conclusion, the Court directed Mayes to show cause why his petition should not be summarily dismissed.

Mayes filed his amended show-cause response (Dkt. 10) on August 30, 2018. He argues the "rule of lenity" requires the Court to apply the more favorable statutes, Sections 801 (armed robbery) and 138 (earned credits eligibility), and disregard Section 13.1 (85% rule). *See* Dkt. 10 at 4. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). The rule is not

---

[1] Habeas Corpus Rule 4, made applicable to this § 2241 proceeding by Habeas Corpus Rule 1(b), requires the Court to *sua sponte* consider whether a habeas petition states a claim for relief. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a Section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

applicable here, however, because the relevant statutes are unambiguous and harmonious. As discussed in the Opinion and Order, the armed robbery statute creates a limitation on earned credits, not an entitlement. *See* OKLA. STAT. tit. 21, § 801 (an armed robbery sentence for a repeat offender "shall not be reduced to less than ten (10) calendar years, … nor shall any person … receive any deduction from his sentence for good conduct until he shall have served ten (10) … years.). Section 138 - which does govern the entitlement to earned credits - explicitly provides the award scheme is inapplicable if "otherwise provided by law." OKLA. STAT. tit. 57, § 138(A). Section 13.1(8) is precisely such a law, and "otherwise provides" that earned credits cannot be applied until an inmate convicted of armed robbery reaches his 85% date. *See* OKLA. STAT. tit. 21, § 13.1(8). The rule of lenity therefore does not change the result in this case.

Mayes also contends application of the 85% rule (Section 13.1) violates the *Ex Post Facto* Clause. *See* Dkt. 10 at 3-4. That constitutional clause "forbids ... the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28 (1981). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* The Oklahoma Legislature enacted the 85% rule in 1999, *see* Oklahoma Community Sentencing Act, 1999 Okla. Sess. Law Serv. 1st Ex.Sess. Ch. 4, Sec. 30 (H.B. 1008), and state court sentenced Mayes for armed robbery in 2005. *See* Oklahoma County District Court Case No. CF-2003-3169. The 85% rule is therefore not retrospective in this case, and the execution of Mayes' sentence does not violate the *Ex Post Facto* Clause.

Based on the foregoing, the Court concludes Mayes has not alleged a violation of federal law, and the petition must be dismissed. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Mayes has not demonstrated reasonable jurists would likely

3

debate this ruling or find a constitutional violation. *See* 28 U.S.C. § 2253(c)(2) (setting forth the standard for granting a certificate of appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The motion for expedited relief (Dkt. 12) is **denied.**

2. The petition for a writ of habeas corpus (Dkt. 1) is **dismissed**.

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

**ENTERED** this 15th day of November, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE